IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARK AUSTIN JORDAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:23-CV-1212-O** |
| | § | |
| **PARKER COUNTY SHERIFF'S** | § | |
| **DEPUTY J. TURNER,** | § | |
| **ET AL.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Joe Owens and Wes Elders ("Defendants") for summary judgment. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

## I.    BACKGROUND

On November 28, 2023, Plaintiff signed his original complaint in this action and it was received for filing on December 5, 2023. ECF No. 1. Plaintiff initially named Deputy J. Turner and Deputy John Doe I as Defendants. Deputy Turner filed an answer, ECF No. 11, and the Court requested help in identifying the other deputy described by Plaintiff. ECF No. 13. Parker County responded that Deputy Turner was not involved in the arrest the subject of Plaintiff's complaint but that Deputies Elders and Owens were. ECF No. 14. Plaintiff then filed an amended complaint

naming Elders and Owens as Defendants and omitting Deputy Turner. ECF No. 17.[1] The Court

signed a final judgment dismissing the claims against Turner. ECF No. 20.

Plaintiff alleges that on October 31, 2021, Defendants beat him up while he was not

resisting them.

## II.    GROUNDS OF THE MOTION

Defendants assert two grounds in support of their motion: (1) Plaintiff's claims are barred

by limitations; and, (2) Defendants are entitled to qualified immunity. ECF No. 25.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is

"material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence

in the light most favorable to the nonmovant but need not comb through the record in search of

evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th

Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*,

550 U.S. 372, 380 (2007).

---

[1]  The Court notes that ECF No. 18, a duplicate of the amended complaint, is easier to read.

**B.**    **Limitations**

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). The Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, that period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The point at which a claim accrues, however, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." *Id.*, 549 U.S. at 388. Stated differently, under § 1983 "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quoting *Piotrowski*, 237 F.3d at 576)).

**C.**    **Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because

3

"[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *See Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

## IV.    ANALYSIS

### A.    Limitations

The events giving rise to Plaintiff's claims against Defendants occurred on October 30, 2021. ECF No. 18 at 4; ECF No. 24. Plaintiff filed his original complaint on November 28, 2023.[2]

---

[2] Plaintiff is entitled to the benefit of the prison mailbox rule. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

ECF No. 1 at 11.[3] Thus, the complaint was untimely unless Plaintiff is entitled to tolling under Texas law. *See Bd. Of Regents v. Tomanio*, 446 U.S. 478, 484 (1980) (state tolling rules apply to § 1983 actions). The burden is on the plaintiff to show entitlement to tolling. *See F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993); *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1436 (N.D. Tex. 1997).

Texas recognizes two theories of avoidance of limitations, generally described as the "discovery rule" and the "fraudulent concealment" doctrine. *See S.V. v. R.V.*, 933 S.W.2d 1, 4–6 (Tex. 1996); *Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455–56 (Tex. 1996). The discovery rule defers accrual of a cause of action until the plaintiff knows, or exercising reasonable diligence, should know of the facts giving rise to the cause of action. *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022). The discovery rule exception is only permitted in those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable. *S.V.*, 933 S.W.2d at 6; *Computer Assocs.*, 918 S.W.2d at 456. Where fraud is alleged, the claimant may be entitled to the benefit of deferring the accrual of the cause of action until he discovered or could have discovered the fraud by exercise of reasonable diligence. *Computer Assocs.*, 918 S.W.2d at 455–56. Fraudulent concealment resembles equitable estoppel "because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V.*, 933 S.W.2d at 6. "Where a defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns

---

[3]  The page reference is to "Page 11 of 21" reflected at the top right portion of the document on the Court's electronic filing system.

of the right of action or should have learned thereof through the exercise of reasonable diligence." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). The duty generally arises where the parties are in a relationship of trust and confidence, such as physician-patient or attorney-client. *Id.*

In this case, the injury occurred on October 30, 2021, when Plaintiff alleges he was beaten by Defendants during a traffic stop. His injuries were not inherently undiscoverable. He has not come forward with any evidence to support a contention that he might be entitled to relief from limitations on the basis of fraud. The summary judgment evidence establishes that Defendants perceived that Plaintiff was intoxicated. He resisted their efforts to handcuff him after they found methamphetamine in his vehicle. Plaintiff would not let go of the truck bed into which he was reaching and Defendants did not know what he was doing or what he might be reaching for.

### B.    Qualified Immunity

The Court need not reach the issue of qualified immunity because the action is barred by limitations.

## V.    CONCLUSION

For the reasons discussed, the motion for summary judgment is **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this **10th day** of **March, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**